UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GILLMANN SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4:23-CV-16-TAV-CHS |
| | ) | |
| WILLIAM HENRY a/k/a BILL HENRY | ) | |
| d/b/a TRANSPORT ONE LOGISTICS, and | ) | |
| TRANSPORT ONE LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff's amended motion for default judgment [Doc. 16] and plaintiff's subsequent motion to ascertain status [Doc. 17]. Defendant William Henry belatedly responded to these motions [Doc. 18]. For the reasons set forth herein, the default entered against defendant Transport One Logistics, LLC [Doc. 14] is **SET ASIDE**, plaintiff's motion for default judgment [Doc. 16] is **DENIED** without prejudice, and plaintiff's motion to ascertain status [Doc. 17] is **DENIED** as moot.

Plaintiff alleges a claim of breach of contract and a claim of unjust enrichment under Tennessee law against defendants Henry and Transport One Logistics, LLC ("TOL") [Doc. 1, pp. 4–5]. Plaintiff seeks judgment in the amount of $345,505.79, plus attorneys' fees and costs, against defendants jointly and severally [*Id*. at 5].

In the complaint, filed May 8, 2023, plaintiff alleges that TOL "may be served with process through its Registered Agent William Henry" [*Id*. ¶ 3]. Accordingly, plaintiff sought a summons as to Henry [Doc. 1-4] and a summons as to TOL, through "Registered

Agent: William Henry" [Doc. 1-5]. The Clerk issued those summonses [Doc. 2]. Both summonses were returned executed on June 2, 2023 [Docs. 9, 10]. Of relevance, the executed summons for TOL was returned executed after it was personally served on an individual at the address listed on the summons [Doc. 9]. However, where the proof of service form asks for the name of the individual served and their title, the process server simply wrote "Transport One Logistics" [*Id*. at 2]. Given that the summons is directed to TOL through its "Registered Agent: William Henry," [*Id*. at 1], the Court presumes that the summons was personally served on Henry.

In July 2023, Plaintiff filed applications for default as to both Henry and TOL [Docs. 11, 12], and default was entered against both defendants [Docs. 13, 14]. Plaintiff subsequently filed this motion for default judgment [Doc. 16]. Thereafter, plaintiff filed a motion to ascertain the status of the pending motion for default judgment [Doc. 17].

Henry then filed an untimely "response" to the motion for default judgment [Doc. 18]. This response simply states to "see attached in regards to transport one Logistics llc" [*Id*. at 1]. The attachments include (1) a copy of plaintiff's motion to ascertain status [*Id*. at 2–3]; and (2) a copy of a Business Entity Detail page from the Tennessee Secretary of State's website indicating that Transport One Logistics, LLC is now known as CSF Logistic LLC, and its registered agent is Brad Jean [*Id*. at 4–5].

Under Rule 55 of the Federal Rules of Civil Procedure, when a party against whom a judgment is sought fails to plead or otherwise defend, the plaintiff should first seek a default from the clerk, and subsequently seek a default judgment. Fed. R. Civ. P. 55(a),

(b). Here, plaintiff has obtained defaults under Rule 55(a), and now seeks default judgment under Rule 55(b).

However, the Court must consider the impact of Henry's response. Although that response was filed well outside the time permitted under this Court's local rules, see E.D. Tenn. L.R. 7.1(a), the Court also notes that "[c]ourts disfavor default judgments, and for that reason, the legal prerequisites to enter a default judgment require strict compliance." *Daniels v. Christoff*, No. 2:20-cv-10469, 2024 WL 1470588, at *1 (E.D. Mich. Jan. 24, 2024) (internal quotation marks omitted) (citing *Walton v. Rogers*, No. 88-3307, 1988 WL 109859, at *1 (6th Cir. 19, 1988)). "Because a default judgment is a disfavored drastic step . . . the Court must be extremely forgiving to" the defendant. *Berkley v. Williams*, No. 17-2909, 2019 WL 639026, at *4 (W.D. Tenn. Feb. 14, 2019) (internal quotation marks omitted). Moreover, the Court notes that Henry has filed the response to the motion for default judgment pro se [Doc. 18]. And the Supreme Court has instructed that "[a] document filed *pro se* is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Liberally construing Henry's pro se response, the Court concludes that Henry seeks to set aside the default entered against TOL, based on improper service of process.

"Proper service under Rule 4 is . . . a prerequisite to entry of default or default judgment." *Hosn v. Fly Baghdad Airline*, No. 20-13442, 2022 WL 1060610, at *1 (E.D. Mich. Feb. 1, 2022). And plaintiff bears the burden of establishing that service was proper. *Id*. If plaintiff does not establish that service was proper, "the court must set aside an entry

3

of default." *Etherly v. Rehabitat Sys. of Mich.*, No. 13-11360, 2013 WL 3946079, at *4 (E.D. Mich. July 31, 2013).

Rule 4 of the Federal Rules of Civil Procedure indicates, in relevant part, that a corporation, partnership, or other unincorporated association must be served in a judicial district of the United States either (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and complaint to "a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) specifically permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where ethe district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In this case, the applicable rules under Rule 4(e)(1) are the Tennessee Rules of Civil Procedure. Rule 4.04 of the Tennessee Rules of Civil Procedure state that service may be made "[u]pon a partnership or unincorporated association (including a limited liability company) . . . by delivering a copy of the summons and of the complaint to . . . an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the . . . association." Tenn. R. Civ. P. 4.04(3).

In this case, the only evidence before the Court is that the summons issued for TOL was served on Henry, who was alleged to be TOL's registered agent. But an independent review of the Tennessee Secretary of State's website, as brought to the Court's attention

by Henry's response, indicates that, while Henry was initially listed as TOL's registered agent, the registered agent was changed to Brad Jean on December 6, 2022, well before the filing of this complaint in May 2023. *See* Tennessee Secretary of State Business Services Online, Find and Update a Business Record, Business Entity Detail, https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=05104414905212905602624813 71540942242235150179019 (last accessed June 5, 2024). And while that website also indicates that TOL, now known as CSF Logistic, is a member-managed LLC, with only one member, *id.*, the Court has not been presented with any information as to the identity of that member, for purposes of determining whether service upon Henry could meet the requirements of Federal Rule 4 and/or Tennessee Rule 4.04.

Rule 55(c) permits a court to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Here, the Court finds that plaintiff's failure to meet its burden of establishing that service has been properly effectuated as to defendant TOL, as required for entry of default, is good cause to set aside the entry of default. Accordingly, the entry of default against defendant TOL [Doc. 14] is **SET ASIDE**. Plaintiff is **ORDERED** to either (a) properly serve defendant TOL, or (b) provide proof that its service upon TOL was effective, within **30 days** of the date of this order.

To the extent that plaintiff seeks a default judgment as to Henry only, based upon the remaining default entered against him [Doc. 13], such request is **DENIED without prejudice**. In order to avoid logistically inconsistent judgments in multi-defendant cases, "courts frequently prefer to delay the default judgment against defaulting defendants until

5

the claims against the nondefaulting defendants are resolved." 10 James Wm. Moore et al., Moore's Federal Practice § 55.36(1) (3d ed.); *see also Liberty Mut. Ins. Co. v. Petit*, No. 2:09-cv-111, 2009 WL 3241670, at *2 (S.D. Ohio Oct. 1, 2009) (denying motion for default judgment in declaratory judgment action regarding insurance coverage when default as to one defendant could impair rights of the other defendants). Following that practice, the Court will **DENY** plaintiff's request for default judgment [Doc. 16] without prejudice to refiling at a later date.

Finally, in light of this order, plaintiff's motion to ascertain status of the motion for default judgment [Doc. 17] is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6

Case 4:23-cv-00016-TAV-CHS   Document 19   Filed 06/11/24   Page 6 of 6   PageID #: 119